VIVALDI & ARBONA, recurrente *v.* EL REGISTRADOR DE LA PROPIEDAD DE MAYAGÜEZ, recurrido.

No. 672.—*Sometido:* Febrero 21, 1927. *Resuelto:* Abril 6, 1927.

PRINCIPAL Y AGENTE—DERECHOS Y RESPONSABILIDADES EN CUANTO A TERCERAS PERSONAS—FACULTADES DE LOS AGENTES—FACULTADES CONFERIDAS DE MODO IMPLÍCITO — COMPRA-VENTA—AUTORIZACIÓN PARA VENDER A PERPETUIDAD— DERECHO, TÍTULO O INTERÉS EN LA PROPIEDAD.—Una cláusula de poder que autoriza al apoderado a vender perpetuamente una finca es suficiente para comprender cualquier derecho, título o interés que pudiera tener en la misma él o la poderdante.

NOTA de *Pedro Gómez Lasserre,* R. (Mayagüez), denegando inscripción de venta de unos condominios. *Revocada,* ordenándose la inscripción.

*Benet & Souffront,* abogados del recurrente; *El Registrador* recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

Antonio Soler y Aymat, como apoderado de Francisca Matas y de sus hijos nombrados Santiago, Dolores y Emilia Ferrer y Matas, vendió a la sociedad mercantil Vivaldi & Arbona los condominios que en una quinta parte eran dueños los mandantes, respectivamente, en cierta finca urbana radicada en la ciudad de Mayagüez.

El registrador negó la inscripción y en su nota expresa los fundamentos, diciendo:

"     *          *          *          *          *          *          *

"Primera: porque apareciendo del Registro que el usufructo íntegro y pleno de la finca se halla mencionado a favor de la referida vendedora Francisca Matas y Bernaset, que lo adquirió de su esposo y causante a título de legado durante su vida natural mientras permanezca viuda, no puede dicho apoderado de la misma y de los otros vendedores enajenar la plena propiedad de porciones indivisas de esta finca, por carecer de facultades expresas de sus mandantes en la escritura de poder citada en cuanto a dicho derecho de usufructo de la primera y al de nuda propiedad de ésta y de los segundos. Y si bien se expresa en la escritura que es entendido que cualquier derecho de usufructo que pudiera corresponder a la señora Matas y Bernaset o cualquier derecho que por cualquier concepto pudiera corresponder a los vendedores, queda trasmitido, vendido y cedido a la mercantil compradora, tal manifestación de dicho apoderado, de *sua sponte,* no cura el defecto de carecer de facultades expresas a que antes se ha hecho referencia y no obliga a sus poderdantes.

"Segunda: porque tales derechos, para poder ser enajenados, necesitan ser inscritos especialmente a favor de los referidos vendedores, lo que no aparece ser así del Registro y sí únicamente que tienen inscrito a su favor un derecho de condominio de una quinta parte de esta finca para cada uno, por título de herencia testada, lo cual está en contradicción con el derecho de usufructo mencionado, y es ésta un obstáculo proviniente del Registro que impide la inscripción solicitada."

Estamos conformes en que la inscripción no corresponde a la institución testamentaria tal como se desprende del

testamento del causante.  Pero el registrador, si bien de un lado acepta que la inscripción ha causado un estado en el registro, que no puede alterarse sin una declaración judicial, de otra parte alega que estando la inscripción equivocada por haberse inscrito el pleno dominio a nombre de los mandantes cuando lo que se debió inscribir es la nuda propiedad a favor de los hijos del causante y el usufructo a nombre de la viuda, su conclusión es que dicho usufructo aparece mencionado y que no haciéndose en el poder referencia alguna al mismo, aquél resulta insuficiente.

Sin que sea necesario examinar la forma en que fué hecha la inscripción anterior a favor de los mandantes, la cláusula del poder que autoriza al apoderado vender perpetuamente la finca, es suficiente para comprender cualquier derecho, título o interés que pudiera tener en la misma la viuda Francisca Matas.  Ella confirió poder para vender perpetuamente sin limitación alguna, y claro es que su autorización refiriéndose a la totalidad de su derecho, tenía que incluir tanto el usufructo como la nuda propiedad, que son atributos que integran el pleno dominio.  Si éstos aún aparecieren distribuídos, como sostiene el registrador, el primero a favor de la viuda y el segundo a nombre de los hijos, ellos todos son los que comparecen en el poder y lo confieren para vender la totalidad de la finca.

*Por tanto, debe revocarse la nota recurrida* y ordenarse la inscripción solicitada.